UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 24  A 10: 03

US DISTRICT COURT
BRIDGEPORT CT

HERMAN GUSKY and
CYNTHIA GUSKY

                Plaintiffs,           CIVIL ACTION NO. 3:03CV898(WWE)

v.

QUALEX, INC., DIVISION OF KODAK
CORPORATION, INC., EASTMAN
KODAK COMPANY, and KODAK
SUBSIDIARIES' MEDICAL PLAN

                Defendants.

## ANSWER

Defendants Qualex, Inc. ("Qualex") (sued herein incorrectly as "Qualex, Inc.,
Division of Kodak Corporation, Inc."), Eastman Kodak Company ("Kodak") and Kodak
Subsidiaries' Medical Plan ("Plan") (collectively, the "Defendants") as and for their Answer to
the Complaint herein allege as follows:

        1.     Admit so much of paragraph 1 as alleges that Plaintiffs purport to bring
their action both pursuant to ERISA and the common law of Connecticut.

        2.     Admit so much of paragraph 2 as alleges that this Court has jurisdiction
over the ERISA claims in Count One and deny that this Court has subject matter jurisdiction over
the purported ERISA claims in Count Two or over the claims founded on state law in Count
Three.

        3.     Admit the allegations of paragraph 3.

- 2 -

4.    Admit so much of paragraph 4 as alleges that Plaintiff Herman Gusky was a participant in the Defendant Plan until February 28, 2002 and that Cynthia Gusky was a beneficiary of Defendant Plan until February 28, 2002 and deny knowledge or information as to the truth of each and every other allegation in said paragraph.

5.    Admit so much of paragraph 5 as alleges that Qualex is a wholly owned subsidiary of Kodak and that it has an office and business location as alleged; deny that Defendant Qualex is a plan sponsor pursuant to ERISA; deny knowledge or information as to the truth of whether Qualex is a party in interest as to any of the matters that are the subject of Plaintiffs' Complaint; deny knowledge or information as to the truth of so much of paragraph 5 as alleges that Qualex is a fiduciary of the Plan.

6.    Admit so much of paragraph 6 as alleges that Kodak is a plan sponsor of the Plan as defined in ERISA; deny that Kodak is the plan administrator as defined in ERISA; deny knowledge or information as to the truth of whether Kodak is a party in interest as to any of the matters which are the subject of Plaintiffs' complaint; deny knowledge or information as to the truth of the allegation that Kodak is a fiduciary of the Plan.

7.    Admit the allegations of paragraph 7.

8.    Admit the allegations of paragraph 8.

9.    Admit so much of paragraph 9 as alleges that Plaintiff, Herman Gusky, became ill at work on or about March 31, 2001 and left work on that day; deny knowledge or information as to the truth of the allegation that Defendant Qualex instructed Mr. Gusky to see a specific orthopedic surgeon.

- 3 -

10.    Deny knowledge or information as to the truth of the allegations of paragraph 10.

11.    Admit so much of paragraph 11 as alleges that Plaintiff Herman Gusky had two surgeries in April, 2001 and deny knowledge or information as to the truth of the remaining allegations in said paragraph.

12.    Deny knowledge or information as to the truth of the allegations of paragraph 12.

13.    Admit the allegations of paragraph 13.

14.    Admit the allegations of paragraph 14.

15.    Admit the allegations of paragraph 15.

16.    Admit so much of paragraph 16 as alleges that Plaintiff Herman Gusky received coverage under the Qualex Long Term Disability ("LTD") Program in late November, 2001, retroactive to October 1, 2001 after Mr. Gusky furnished all required information to establish his eligibility for those benefits and admit that the Qualex LTD Plan coordinates its benefits with Social Security disability benefits.

17.    Admit the allegations of paragraph 17.

18.    Deny that Florence Mockus of Qualex assured Plaintiff Cynthia Gusky on October 22, 2001, or at any time, that health benefits remained in effect for Mr. Gusky because Mr. Gusky was receiving LTD benefits; deny knowledge or information as to the truth of each and every other allegation in said paragraph.

19.    Deny the allegations of paragraph 19.

- 4 -

20.    Deny so much of paragraph 20 as alleges that United Health Care ("United") was a medical insurance provider under the Plan; admit that Mr. Gusky underwent medical procedures in the Fall of 2001 and deny knowledge or information as to the truth of each and every other allegation in said paragraph.

21.    Admit so much of paragraph 21 as alleges that COBRA election forms were not sent to Mr. Gusky during the Fall of 2001.

22.    Deny so much of paragraph 22 as alleges that Ms. Mockus assured Mrs. Gusky on or about January 18, 2002 that the Plaintiffs were still covered by insurance and deny knowledge or information as to the truth of each and every other allegation in said paragraph.

23.    Deny so much of paragraph 23 as alleges that Ms. Mockus told Mrs. Gusky in February, 2002 that the Plaintiffs were covered under a "six month grace period" and deny knowledge or information as to the truth of each and every other allegation in said paragraph.

24.    Deny knowledge or information as to the truth of the allegations of paragraph 24.

25.    Admit so much of paragraph 25 as alleges that Mrs. Gusky spoke with Ms. Mockus on or about March 13, 2002 and that Ms. Mockus told Mrs. Gusky that she would check on the status of COBRA forms.

26.    Deny knowledge or information as to the truth of the allegations of paragraph 26.

- 5 -

27.    Deny knowledge or information as to the truth of the allegations of paragraph 27.

28.    Deny knowledge or information as to the truth of the allegations of paragraph 28.

29.    Deny the allegations of paragraph 29.

30.    Deny knowledge or information as to the truth of the allegations of paragraph 30.

31.    Admit so much of paragraph 31 as alleges that COBRA election forms were sent to Plaintiffs in late March, 2002 indicating a qualifying event occurred on September 30, 2001 and identifying Plaintiffs' premium obligation and deny knowledge or information as to the truth of the balance of paragraph 31.

32.    Deny the allegations of paragraph 32.

33.    Deny the allegations of paragraph 33.

34.    Deny so much of paragraph 34 as alleges that the Plaintiffs were not provided with any written information and deny knowledge or information as to the truth of the balance of paragraph 34.

35.    Deny knowledge or information as to the truth of the allegations of paragraph 35 that Defendant Qualex refused to communicate with Plaintiff Cynthia Gusky.

36.    Deny knowledge or information as to the truth of the allegations of paragraph 36.

- 6 -

37.    Deny knowledge or information as to the truth of the allegations of paragraph 37.

38.    Admit so much of paragraph 38 as alleges that a letter dated June 13, 2002 was sent to Qualex by an attorney for the Plaintiffs.

39.    Admit so much of paragraph 39 as alleges that the Plan administrator for the Plan wrote to counsel for the Plaintiffs by letter dated October 1, 2002 and advised the Plaintiffs' counsel that to the extent his June 13, 2002 letter constituted a claim under the Plan it was denied because the Plaintiffs had not responded affirmatively to the COBRA notice they had received.

40.    Neither admit nor deny the allegations of paragraph 40 which require no response.

41.    Admit so much of paragraph 41 as alleges that COBRA election forms were sent to Plaintiffs in late March, 2002, and deny knowledge or information as to the truth of the balance of Paragraph 41.

42.    Deny the allegations of paragraph 42.

43.    Admit so much of paragraph 43 as alleges that ERISA provides for the potential of penalties to be awarded by reason of failure to timely comply with the requirements for furnishing a COBRA notice and denies that such penalties are required or are appropriate in this action.

44.    Neither admit nor deny the allegations of paragraph 44 which require no response.

- 7 -

45.    Deny the allegations of paragraph 45.

46.    Deny the allegations of paragraph 46.

47.    Deny the allegations of paragraph 47.

48.    Deny knowledge or information as to the truth of allegations of paragraph 48.

49.    Neither admit nor deny the allegations of paragraph 49 which require no response.

50.    Deny the allegations of paragraph 50.

51.    Deny the allegations of paragraph 51.

52.    Deny  each and every allegation not specifically admitted herein.

53.    On or about March 28, 2002, Plaintiffs were sent a package of documents including an explanation of their right to elect continuation coverage under 29 U.S.C. Section 1161 et. seq. ("COBRA").

54.    Plaintiffs did not return their COBRA election notice within the time provided by statute and as set forth in the package of documents provided to them.

55.    On or about January 29, 2003, counsel for Plaintiffs made several claims regarding the rights of the Plaintiffs under the Plan and regarding COBRA.

56.    The January 29, 2003 letter from Plaintiffs' counsel asserted, for the first time, a claim by Plaintiffs that they were entitled to receive an additional six months of coverage under the Plan commencing September 1, 2001.

- 8 -

57.     The January 29, 2003 letter from counsel to Plaintiffs also asserted, for the first time, a written claim that Plaintiffs had unreimbursed medical expenses and/or had repaid amounts originally paid by the Plan for the period after October 1, 2001 and purportedly relating to a late delivery of a COBRA election notice.

58.     Plaintiffs never commenced an administrative proceeding under the Plan claiming an entitlement to additional Plan coverage under the terms applicable to active employees of defendant Qualex.

59.     To the extent Plaintiffs ever made a claim that they had medical expenses which should have been covered under the Plan, but were not, or that Plaintiffs were forced to reimburse health care providers for medical care expenses that should have been the responsibility of the Plan, Plaintiffs did not pursue an appeal of the Plan's determination on October 1, 2002 that Plaintiffs had no such claims by reason of their failure to elect COBRA coverage.

60.     Although Plaintiffs did not appropriately pursue their administrative remedies under the Plan, the Plan administrator considered the claims asserted by Plaintiffs' counsel in January, 2003 and in the complaint herein and responded to them by letter dated June 4, 2003.

61.     The Plan administrator, by letter dated June 4, 2003, determined that Plaintiffs did not have a right to an additional six months of coverage under the Plan as of September 1, 2001, under the same terms and conditions applicable to eligible employees of defendant Qualex.  Despite such determination, the Plan administrator made coverage available

- 9 -

to the Plaintiffs for the period from October 1, 2001 through February 28, 2002 subject to Plaintiffs making payment of contribution amounts required of active employees of Qualex during this time period.

62.    Plaintiffs did not respond to this offer of Plan coverage.

63.    The Plan administrator, by letter dated June 4, 2003, has also offered to pay, to the extent the Plan provides coverage, all of the medical expenses Plaintiffs incurred, subject to all of the terms of the Plan, in the period on and after October 1, 2001 and through February, 2002.

64.    The Plan administrator, by letter dated June 4, 2003, has further offered Plaintiffs the opportunity to elect COBRA coverage for the period they are statutorily entitled to it with any inception date of the Plaintiffs choosing.

65.    Plaintiffs have declined the opportunity to elect COBRA continuation coverage commencing as of any date of their choosing.

### AS AND FOR A FIRST
### AFFIRMATIVE DEFENSE

66.    The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND
### AFFIRMATIVE DEFENSE

67.    The Court is Without Subject Matter Jurisdiction as to the matters alleged in Counts Two and Three of the Complaint.

- 10 -

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

68.    The plaintiffs lack standing to assert the claims made against the Plan.

**WHEREFORE**, Defendants respectfully request judgment dismissing the

Plaintiffs' complaint, awarding Defendants their attorney's fees and costs together with such

other and further relief as the Court deems just and proper.

PHILLIPS LYTLE LLP

By _____

Gary F. Kotaska, ct25019

Suite 3400
One HSBC Center
Buffalo, New York   14203-2887
Telephone No.:   (716) 847-8400

Barry J. Waters, Esq., ct05520
Murtha Cullina LLP
Whitney Grove Square
Two Whitney Avenue
New Haven, CT 06503
Telephone No.: (203) 772-7700

Attorneys for Defendants

TO:    Henry F. Murray, Esq. ct17234
       Livingston, Adler, Pulda,
         Meiklejohn & Kelly, P.C.
       557 Prospect Avenue
       Hartford, CT 06105-2922

BFLO Doc # 1302629.2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

HERMAN GUSKY and
CYNTHIA GUSKY

                Plaintiffs,              CIVIL ACTION NO. 3:03CV898(WWE)

v.

QUALEX, INC., DIVISION OF KODAK
CORPORATION, INC., EASTMAN
KODAK COMPANY, and KODAK
SUBSIDIARIES' MEDICAL PLAN

                Defendants.

---

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Answer was mailed on this date to the

following:

> Henry F. Murray, Esq.
> Livingston, Adler, Pulda,
>       Meiklejohn & Kelly, P.C.
> 557 Prospect Avenue
> Hartford, Connecticut 06105-2922
>
> Barry J. Waters, Esq.
> Murtha Cullina LLP
> Whitney Grove Square
> Two Whitney Avenue
> New Haven, Connecticut 06503

PHILLIPS LYTLE LLP

By: _____
      Gary F. Kotaska, ct25019

BFLO Doc # 1340940.1