
RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -9  A 11: 25

| | |
|---|---|
| HERMAN GUSKY and CYNTHIA GUSKY | CIVIL ACTION |
| | NO. 3:03CV00898 (WWE) |
| v. | |
| QUALEX, INC., DIVISION OF KODAK CORPORATION, INC., EASTMAN KODAK AND KODAK SUBSIDIARIES' MEDICAL PLAN: Defendants | |
| | December 5, 2003 |

## REPORT OF THE PARTIES' PLANNING MEETING

Date Complaint Filed:              May 21, 2003

Date Complaint Served:             May 21, 2003

Date of Defendant's Appearance:    July 31, 2003

Date of Order To Stay Proceedings: August 6, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on December 5, 2003. The participants were:

Henry F. Murray ct17234
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT  06105-2922
for plaintiffs;

Gary F. Kotaska, *pro hac vice*
Philips Lytle LLP
3400 HSBC Center
Buffalo, new York 14203
for defendants.

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Plaintiffs claim subject matter jurisdiction on the ERISA claims, 29 U.S.C. § 1001 et seq., Is provided pursuant to 29 U.S.C. §1132(e) and 28 U.S.C. §1331. Jurisdiction of this court on the supplemental state law claims is invoked pursuant to 29 U.S.C. §1367. Defendants have raised as an affirmative defense that the Court lacks subject matter jurisdiction as to Counts Two and Three.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

### A. Claims of Plaintiffs:

This case involves claims by the plaintiffs that the defendants both breached their fiduciary duties to the plaintiffs by retroactively canceling the plaintiff's health insurance in violation of the terms of the employer's disability plan and violated the terms of 29 U.S.C. § 1166 by failing to provide timely notice to the plaintiffs of their COBRA rights and election opportunities.

Plaintiffs seek restitution for sums expended by them which should have been paid by the health plan, the maximum statutory amount provided under 29 U.S.C. § 1132 (c)(1) for violations of the COBRA notification pursuant to 29 U.S.C § 1166, other equitable relief available, reasonable attorney's fees and compensatory damages on their state law claim.

B.  <u>Defenses and Claims</u> (Counterclaims, Third Party Claims, Cross Claims) of Defendant:: Defendants have raised as affirmative defenses failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction as to Counts Two and Three and the plaintiffs' lack of standing to assert claims against the defendant Plan.

C.  <u>Defenses and Claims of Third Party Defendants</u>:

n/a

## IV.    Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1.  The plaintiffs were a participant and beneficiary under a medical plan sponsored by one of the defendants.

2.  Herman Gusky was employed by Qualex as a lab technician from December 1, 1997 until September 30, 2001

3.  Herman Gusky was on approved leave and short term disability from March 31, 2001 until September 30, 2001.

3

4.	On or about April 3, 2002, the plaintiffs received a COBRA election form indicating that the date of their "qualifying event" was September 30, 2001.

**V.	Case Management Plan**

A.	Initial Disclosures

The parties request modification of the Initial Disclosures set forth in FRCP 26(a) as follows:

1.	Initial disclosures shall be provided by the parties on or before January 30, 2003.

B.	Standing Order On Scheduling Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1.	Discovery will commence on February 16, 2003, and will be completed by August 15, 2003.

2.	Motions for Summary Judgment, if any, will be filed by September 15, 2003.

C.	Scheduling Conference With the Court

The parties do not request a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

D.	Early Settlement Conference

1.	The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by use of the following procedure:

4

An Early Settlement Conference before a magistrate judge.

2. The parties do not request a referral to alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

E. Joinder of Parties and Amendment of Pleadings

1. The Plaintiffs should be allowed until January 31, 2004 to join additional parties or amend the pleadings.

2. Defendant should be allowed until February 15, 2004 to file motions to join additional parties. Defendants answered the complaint on November 24, 2003.

F. Discovery

1. The parties anticipate that discovery will be needed on the following subjects: defendants' medical plan and coverage, defendants' disability plan and procedures, claims processed and paid for plaintiffs under defendants' medical plan, defendants' policy with respect to COBRA notification, identification of decision makers with respect to the plaintiffs' COBRA notification; identification of witnesses; facts alleged in the plaintiffs' complaint; plaintiffs' damages; and the defendants' affirmative defenses.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by February 16, 2004 and completed by August 15, 2004.

3. Discovery will not be conducted in phases.

4. The plaintiffs anticipate that they will require between one and three depositions. The defendants anticipate that they will require between one and

5

three depositions. The depositions will commence by March 1, 2004 and be completed by August 15, 2004.

     5.    The parties do not anticipate requesting permission to serve more than 25 interrogatories.

     6.    Plaintiffs do not anticipate calling expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 15, 2004. Depositions of any such experts will be completed by July 15, 2004.

     7.    Defendants do not anticipate calling expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 15, 2004. Depositions of such experts will be completed by August 15, 2004.

     8.    A preliminary damage analysis will be provided by any party who has a claim or counterclaim for damages by March 15, 2004. A revised damages analysis will be provided by August 15, 2004.

    G.    <u>Dispositive Motions</u>

Dispositive motions, if any, will be filed on or before September 15, 2004.

    H.    <u>Joint Trial Memorandum</u>

The Joint Trial Memorandum required by the Standing Order On Trial Memoranda in Civil Cases will be filed 45 days from the date of the denial of any motion for summary judgment.

## VI.   Trial Readiness

The case will be ready for trial within 30 days of the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFFS,

By: _____
Henry F. Murray ct17234
Gregg D. Adler ct05698
Livingston, Adler, Pulda, Meiklejohn
 & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
(860) 233-9821


THE DEFENDANTS,

By: _____
Gary F. Kotaska, *pro hac vice*
Philips Lytle LLP
3400 HSBC Center
Buffalo, New York 14203

Barry J. Waters ct05520
Murtha Cullina LLP
Two Whitney Avenue
New Haven, CT 06503
(203) 772-7700

7

## VI. Trial Readiness

The case will be ready for trial within 30 days of the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFFS,

By: _____
Henry F. Murray ct17234
Gregg D. Adler ct05698
Livingston, Adler, Pulda, Meiklejohn
 & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
(860) 233-9821


THE DEFENDANTS,

By: _____
Gary F. Kotaska, *pro hac vice*
Philips Lytle LLP
3400 HSBC Center
Buffalo, New York 14203

Barry J. Waters ct05520
Murtha Cullina LLP
Two Whitney Avenue
New Haven, CT 06503
(203) 772-7700

7